IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMIL M. RAYFORD,<br>No. R66299,<br><br>        Plaintiff,<br><br>vs.<br><br>C/O CHILDERS,<br>C/O DEAN,<br>C/O HUDLEY,<br>C/O C. CALE,<br>C/O WINKA,<br>C/O SELBY,<br>C/O BRYANT,<br>C/O ADAMS,<br>SGT. KIDWELL,<br>LT. DALLAS,<br>COUNSELOR RAY,<br>C/O JOHNSON, and<br>IDOC,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 14-cv-01290-MJR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

Plaintiff Jamil M. Rayford, an inmate in Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on a series of assaults and retaliatory actions that began when he was assaulted by a Lawrence Correctional Center officer at a transfer stop, and continued after he was subsequently transferred to Lawrence.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, on September 3, 2014, Plaintiff was at a transfer stop at Lincoln Correctional Center when C/O Childers, who works out of Lawrence Correctional Center, assaulted Plaintiff, purportedly using excessive force when he placed Plaintiff in a chokehold and threw him to the ground for apparently no better reason than Childers was "having a bad day." Childers then issued Plaintiff a disciplinary ticket for assault, when it was Childers who had assaulted Plaintiff. During a September 9, 2014, disciplinary hearing, Plaintiff pleaded not guilty and explained that Childers was the aggressor. The Adjustment Committee

believed Childer's version of events, found Plaintiff guilty, and punished with, among other things, a disciplinary transfer (*see* Doc. 1-1, p. 20).

Plaintiff was subsequently transferred to Lawrence Correctional Center. Upon his arrival on September 17, 2014, he was called numerous racial epithets, and eight correctional officers took him into a hallway where there were no surveillance cameras and beat and kicked him. Plaintiff was then moved to the shower area, where he was again assaulted. Plaintiff, who was injured and in extreme pain, was denied medical care by the eight officers. The officers are identified as: C/O Dean; C/O Hudley; C/O C. Cale; C/O Winka; C/O Selby; C/O Brant; C/O Adams; and Sgt. Kidwell.

Plaintiff reported the September 17 beatings, only to be subjected to additional retaliation. Meals were withheld, and Plaintiff's mail (including grievances) was intercepted. More specifically, C/O Johnson (the shorter of two officers named Johnson) and other unspecified officers, including C/O Adamson, did not feed Plaintiff during a six-day period (how many meals were missed is unclear). Plaintiff was told that he was being retaliated against because he had assaulted C/O Childers, and because he had been trying to report the September 17 assault. Johnson called Plaintiff racial epithets and threatened that as long as Plaintiff filed grievances he would not be fed. C/O Winka, C/O Adamson and C/O Selby further threatened that, if Plaintiff continued to try to report the September 17 incident to the State Police, he would be beaten more severely than before.

Plaintiff spoke to Lt. Dallas about the disciplinary issue. Dallas's comment that Plaintiff had been "f____'d over" suggested to Plaintiff that Dallas knew that Plaintiff had not assaulted C/O Childers. Dallas also acknowledged that none of Plaintiff's grievances regarding the September 17 assault would proceed because officers would intercept them. C/O Ray, Plaintiff's

counselor, would not accept his grievances and even offered to expedite a transfer if Plaintiff would stop filing grievances.

Plaintiff, who is black, observes that those who beat him and used racial slurs against him—Childers, Dean, Hudley, Cale, Kidwell, Brant, Winka, Selby and Adamson—are all white.

Plaintiff seeks compensatory and punitive damages and affirmative injunctive relief in the form of medical care (from an outside specialist).

Based on the specific claims enumerated in the complaint, the narrative of events and supporting documentation, the Court finds it convenient to divide the *pro se* action into seven counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** Defendant Childers used excessive for against Plaintiff on September 3, 2014, in violation of the Eighth Amendment;

**Count 2:** Defendants Dean, Hudley, Cale, Kidwell, Brant, Winka, Selby and Adamson used excessive force against Plaintiff on September 17, 2014, in violation of the Eighth Amendment;

**Count 3:** Defendants Dean, Hudley, Cale, Kidwell, Brant, Winka, Selby and Adamson were deliberately indifferent to Plaintiff's serious medical needs on September 17, 2014, in violation of the Eighth Amendment;

**Count 4:** Defendants Dean, Hudley, Cale, Kidwell, Brant, Winka, Selby and Adamson retaliated against Plaintiff in violation of the First Amendment when they withheld meals from Plaintiff, intercepted his mail and threatened him with further harm after Plaintiff reported or attempted to report the September 17 assault;

**Count 5:** Defendant Johnson retaliated against Plaintiff in violation of the First Amendment when he withheld meals from Plaintiff because Plaintiff had "snitched on coworkers and colleagues";

> **Count 6:** Defendants Dallas and Ray retaliated against Plaintiff in violation of the First Amendment by failing to accept and process Plaintiff's grievances regarding the September 17 assault; and
>
> **Count 7:** Defendants Childers, Dean, Hudley, Cale, Kidwell, Brant, Winka, Selby and Adamson—who assaulted Plaintiff—denied him equal protection in violation of the Fourteenth Amendment.

The order of the counts differs from how they were designated in the complaint, so as to add some chronological order and group related claims together. Also, the complaint enumerated two identical Eighth Amendment claims for the denial of medical treatment relative to injuries sustained on September 17 (Counts 2 and 4 in the complaint). The Court has recognized a single Eighth Amendment medical care claim, designated as Count 3. Any other intended claims regarding the denial of medical care that have not been recognized by the Court should be considered dismissed without prejudice as inadequately pleaded. Also,.the Court has tracked the claims framed by Plaintiff, although the narrative and supporting documentation suggest a wider variety of claims against additional individuals not named as defendants.

## Discussion

As a preliminary matter, the IDOC (Illinois Department of Corrections), is listed in the case caption as a defendant, but is not in a more detailed list of defendants (*see* Doc. 1, pp. 1-3), and is not mentioned in the narrative of the complaint or listing of claims. In any event, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). That principle is equally applicable to the IDOC, which is a state agency. Therefore, the IDOC will be dismissed with prejudice.

Counts 1-7, as enumerated by the Court, state colorable claims. The complaint, read as a whole, including the supporting documentation, sufficiently describes each named defendant as

being involved in the alleged constitutional violations. Therefore, Counts 1-7 will be permitted to proceed.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, Defendant **IDOC** is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 1-7** shall otherwise **PROCEED** against Defendants **C/O CHILDERS, C/O DEAN, C/O HUDLEY, C/O C. CALE, C/O WINKA, C/O SELBY, C/O BRANT, C/O ADAMSON, SGT. KIDWELL, LT. DALLAS, C/O COUNSELOR RAY and C/O JOHNSON ("the shorter")**.

**IT IS FURTHER ORDERED** that, because Plaintiff has been granted leave to proceed as a pauper under 28 U.S.C. § 1915 (*see* Doc. 8), his motion for service of summons and the complaint at government expense (Doc. 4) is **DENIED AS MOOT**.

The Clerk of Court shall prepare for Defendants **C/O CHILDERS, C/O DEAN, C/O HUDLEY, C/O C. CALE, C/O WINKA, C/O SELBY, C/O BRANT, C/O ADAMSON, SGT. KIDWELL, LT. DALLAS, C/O COUNSELOR RAY and C/O JOHNSON ("the shorter")**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 3) and motion for subpoenas (Doc. 5).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. §

1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 11, 2014**

                                                s/ *Michael J. Reagan*
                                                **MICHAEL J. REAGAN**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**