IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMIL M. RAYFORD,

      **Plaintiff,**

vs.

TERRY CHILDERS, MICHAEL DEAN,
DEREK HUNDLEY, CHRIS CALES,
MATT WINKA, DARRELL SELBY,
CHRIS BRANT, ERIC ADAMSON,
ROBERT KIDWELL, ALAN DALLAS,
COUNSELOR COLLIN RAY, DEREK
JOHNSON,

      **Defendants.**

Case No.   14-cv-1290-MJR-SCW

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

      Pursuant to **42 U.S.C. § 1983**, *pro se* Plaintiff filed his complaint based on a series of assaults and retaliatory action which took place at Lawrence Correctional Center during a transfer stop and continued when Plaintiff arrived at Lawrence.   This matter is before the Court on Defendants' oral motion for dismissal of Plaintiff's case for lack of prosecution (Doc. 88).   It has come to the Court's attention that Plaintiff was recently released from prison on parole as of October 18, 2016 and has not updated his address with the Court.   In light of this change in Plaintiff's location, the undersigned set the matter for a status conference on November 16, 2016.   Plaintiff was instructed that his failure to appear may result in a dismissal of his case and/or sanctions (Doc. 85).   A status conference was held on November 16, 2016.   Plaintiff did not appear and counsel

for Defendants moved for a dismissal based on Plaintiff's lack of prosecution.

In light of Plaintiff's failure to appear and his lack of participation in the case, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's case **with prejudice** for failure to prosecute.

**Federal Rule of Civil Procedure 41(b)** provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, **722 F.3d 980, 982 (7th Cir. 2013) (quoting** *Johnson v. Chi. Bd. of Educ.***, 718 F.3d 731, 732-33 (7th Cir. 2013)).** The Seventh Circuit has suggested that in addition to a warning to the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* **(citing** *Kruger v. Apfel***, 214 F.3d 784, 786-87 (7th Cir. 2000)).**

Here, the Court finds that Plaintiff has failed to prosecute his case. A review of the Illinois Department of Correction's website reveals that Plaintiff was paroled on October 18, 2016. *See Illinois Department of Corrections website, inmate search,* *https://www.illinois.gov/IDOC/OFFENDER/Pages/InmateSearch.aspx* *(last visited November 17, 2016).* Plaintiff has not informed the Court of his current address as required by

Local Rule and the Court's threshold order, which informed Plaintiff that he was "under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his…location."  *See* **LOCAL RULE 3.1(b).**  In fact, Plaintiff's last address on the docket was Pontiac Correctional Center, but prior to his parole, Plaintiff was transferred to Vienna Correctional Center and then subsequently paroled.  Plaintiff failed to update the Court on both his transfer to Vienna and his release from prison.  Plaintiff has not left a forwarding address since his parole.  The undersigned noticed this matter for hearing and instructed Plaintiff that his failure to appear may result in dismissal of his case, but without a current address the Court was unable to inform Plaintiff of the hearing by mail.  However, the notice on the docket provided Plaintiff with call-in information and the option to appear in person.  Plaintiff failed to call in, nor did he appear at the hearing.

As Plaintiff has not updated his address and his current whereabouts are unknown, the Court finds that dismissal of Plaintiff's case is warranted.  Plaintiff has not participated in this case since his parole from prison and he has not informed the Court of his current address as required by the Court, even though he has had ample time to do so.  He was given notice of the recent status conference and warned that a failure to appear would result in dismissal of his case.  Plaintiff did not appear.  The Court presumes by Plaintiff's lack of participation in the case that he no longer is interested in pursuing his claims.

As such, it is **RECOMMENDED** that the Court **GRANT** the oral motion to

dismiss for lack of prosecution (Doc. 88) and **DISMISSES with prejudice** Plaintiff's remaining claims for failure to prosecute.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **December 5, 2016**.

**IT IS SO ORDERED**.
DATED: November 18, 2016.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge